JAMES W. PATTERSON *versus* THE AUGUSTA WATER POWER COMPANY.

A corporate company had sustained great loss by a freshet, and owed a large amount of debts. Their whole property had been under a mortgage, which was fully foreclosed. But the mortgagee promised to convey the same, if by the first day of January, 1845, arrangements should be made for purchasing it at a stipulated price. The plaintiff made a contract in writing to surrender his claim, " in case the property is redeemed of the mortgagee, the refusal of which is given till the first of January." The property was redeemed, but not until after said day. *Held*, the plaintiff's contract was upon a condition, that the property should be redeemed *by said day*, and that it is not a bar to his demand.

DEBT upon a judgment, recovered before a justice of the peace.

The defence rested upon the following memorandum, made and signed by the plaintiff, viz. : — " I hereby agree to give up an execution I hold against the Kennebec Locks and Canals Company, in case the property is redeemed of Reuel Williams, the refusal of which is given till the first of January next. November 2, 1844."

It was proved that Reuel Williams had held a mortgage on the estate of the company, which had been given for $27,000 ; that by means of an excessive freshet, their mills and other works had been greatly injured ; that said mortgage had been fully foreclosed ; that very large debts were outstanding against the company ; and that the shares in the corporate stock, were deemed to be of no value.

It further appeared that one Alfred Redington interested himself to put the company affairs into a better shape ; that he obtained from said Williams a stipulation that, if Redington would, by the first day of January, 1845, make arrangements

by which to take the property at $75,000, he, Williams, would give a bond to convey the same ; that Redington procured the dam to be repaired, and purchased up, for very trifling compensation, much of the outstanding debts, and at one time passed into the hands of the Secretary and canceled forty thousand dollars of the same ; that all or nearly all of the old stockholders had relinquished their shares ; that he then obtained an entirely new list of stockholders, and procured the name of the company to be altered to that of the Augusta Water Power Company ; that on the 23d January, 1845, he procured from Williams the bond to convey the property ; and that on the 25th May, 1848, Williams, having received by instalments the amount agreed upon, conveyed the property to the said company.

The case was opened in the District Court, Rice, J. By agreement of parties he reported the legal questions, founded upon said facts, for the decision of said Court, which questions were : —

1. Whether there is a legal and sufficient consideration for the agreement in writing, signed by the plaintiff.

2. Whether the condition contained in the writing signed by the plaintiff, has been complied with by the defendants.

If in the opinion of the Court the questions above presented are decided in the affirmative, the Court is to enter a nonsuit. If either of them in the negative, defendants are to be defaulted, and judgment entered for the original judgment, and interest.

*Vose,* for plaintiff.

Wells, J. — The plaintiff recovered a judgment against the Kennebec Locks and Canal Company, Nov. 9, 1839. The corporate name has been since changed to that of the Augusta Water Power Company. The plaintiff, Nov. 2, 1844, executed the following agreement: —

" I hereby agree to give up an execution I hold against the Ken. Locks & Canal Co., in case the property is redcemed of Reuel Williams, the refusal of which is given till the first of January next."

It appears in evidence, that the property of the company had been mortgaged, and at the time of making the agreement, the mortgage had been foreclosed, and that an absolute title had vested in Mr. Williams, who conveyed the same to the company by a deed, bearing date May 25, 1848.

The plaintiff contends, that according to his agreement, the redemption should have taken place by the first of January, 1845. The agreement, by which the plaintiff intended to relinquish his debt, must be construed according to its just import. It contemplates a redemption of the property, and the mind would ordinarily advert to some period of its accomplishment. It does not state in clear and positive language, when the redemption shall take place, but says, " the refusal of which is given till the first of January next." This language must be understood to indicate, that the owner of the property had limited the time, when he would permit it to be redeemed.

The plaintiff did not appear to contemplate any action beyond that period, and there could be no necessity, as shown by the agreement, for making provision for it.

The fair construction of the agreement appears to be, that the plaintiff would give up his execution, in case the property should be redeemed within the time, which the owner had fixed for its redemption, and which is specified in the agreement.

Any new arrangement, made between the company and the owner of the property, by which the time of redemption was extended, not being referred to in the agreement nor contemplated by it, could have no effect upon it.

From the view taken of the case, it becomes unnecessary to consider the other question, which was presented to us, and the result is, that the defendants are to be defaulted.

HOWARD, J. did not concur.